# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JANE ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-CV-04129-BCW |
| | ) | |
| ANNE PRECYTHE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER</u>

Defendants, Anne Precythe, Michael Cahalin, Jay Cassady, Billy Dunbar, Alan Earls, Doris Falkenrath, Jason Hess, Stanley Keely, Scott Kintner, Justin Krantz, Noel Obi, and Elizabeth Thornton, by and through counsel, for their Answer to Plaintiff's Complaint state as follows:

Defendants deny each and every allegation in Plaintiff's Complaint, unless expressly admitted, and then only to the extent of the referenced response. Any factual averment admitted is limited to the fact itself and does not extend to any conclusions, characterizations, implications, or speculation contained therein or in Plaintiff's Complaint as a whole. Defendants also specifically deny any pseudoallegations contained in headings, prayers for relief, or unnumbered paragraphs.

## "I.    INTRODUCTION"

1.     Paragraph 1 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny and Plaintiff's characterization of her Complaint.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that Plaintiff is black, and admit that, while incarcerated in the Missouri Department of Corrections, Plaintiff identified as transgender.  Plaintiff is a natal male.

3.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore deny the same.

4.     Defendants admit that Plaintiff was HIV positive throughout her incarceration in the Missouri Department of Corrections' correctional facilities. The second sentence of Paragraph 4 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Paragraph 6 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the

2

extent a response is required, Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

9.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 10 of Plaintiff's Complaint and therefore deny the same.  Judge Kennedy's concurring opinion in *Davis v. Ayala*, 576 U.S. 257, 289 (2015) speaks for itself.  Justice Sotomayor's Statement respecting the denial of certiorari in *Apodaca v. Raemisch*, 202 L.Ed. 2d 251; 139 S.Ct. 5, 6-10 (Mem.) (2018) speaks for itself.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Paragraph 12 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore deny the same.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore deny the same.

15.     Paragraph 15 of Plaintiff's Complaint consists of a legal characterization that Defendants deny.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that solitary confinement "[h]istorically was used as a heightened form of punishment," and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    Paragraph 18 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Paragraph 19 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  The first sentence of Paragraph 19 of Plaintiff's Complaint contains Plaintiff's characterization of her Complaint.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Paragraph 20 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  The first sentence of Paragraph 20 of Plaintiff's Complaint contains Plaintiff's characterization of her Complaint.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Paragraph 21 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Paragraph 22 of Plaintiff's Complaint contains legal conclusions

5

and arguments, and Plaintiff's characterization of the Complaint, which Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

## "II.    JURISDICTION AND VENUE"

23.    The allegations contained in Paragraph 23 of Plaintiff's Complaint consist of legal conclusions and arguments, and Plaintiff's characterization of the Complaint, requiring no response from Defendants.

24.    The allegations contained in Paragraph 24 of Plaintiff's Complaint consist of legal conclusions requiring no response from Defendants.

25.    Paragraph 25 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

## "III.    PARTIES"

26.    Paragraph 26 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Plaintiff is black, and admit that, while incarcerated in the Missouri Department of Corrections, Plaintiff identified as transgender. Plaintiff is a natal male. Defendants admit that Plaintiff was HIV positive throughout her incarceration in the Missouri Department of Corrections' correctional facilities.

6

Defendants admit that Plaintiff was previously incarcerated at the Jefferson City Correctional Center (JCCC). Defendants admit that Plaintiff is a resident of Missouri and was released on parole in 2022. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.  Paragraph 27 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Defendant Anne Precythe became Acting Director of the Missouri Department of Corrections in January 2017 and admits that she has been serving as the Director of the Missouri Department of Corrections since February 2017. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.  Paragraph 28 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Defendant Doris Falkenrath is the warden of JCCC. Defendants admit that Defendant Falkenrath has overall supervision of DOC employees at JCCC who, in turn, have supervision over DOC staff assigned to JCCC that are responsible for the care and custody of offenders assigned to JCCC. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.  Paragraph 29 of Plaintiff's Complaint contains legal conclusions

Case 2:23-cv-04129-BCW    Document 26    Filed 09/15/23    Page 7 of 42

and arguments that Defendants are not required to admit or deny. Defendants admit that Defendant Jay Cassady was warden of JCCC during 2015. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Defendant Keely was a Corrections Manager B1 or B2 during a portion of Plaintiff's mandated single cell assignment. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Paragraph 32 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Paragraph 33 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations

8

contained in Paragraph 33 of Plaintiff's Complaint.

34. Paragraph 34 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants deny the allegations contained in the first sentence of Paragraph 34 of Plaintiff's Complaint. Defendants admit that Defendant Krantz was the chair of the classification committee for some of Plaintiff's administrative segregation review classification hearings between October 2018 and January 2020. Defendants admit that Defendant Krantz became a Correctional Program Supervisor partway through 2020, but deny that he was in that position when he chaired any of Plaintiff's classification hearings. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Paragraph 35 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit the allegations contained in the first sentence of Paragraph 35 of Plaintiff's Complaint. Defendants admit that Defendant Obi was the chair of the classification committee for two of Plaintiff's administrative segregation review classification hearings in 2018. Defendants admit that Defendant Obi became a Correctional Program Supervisor partway through 2020, but deny that he was in that position when he chaired any of Plaintiff's classification hearings. To the extent a further response is required, Defendants deny the

9

remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Paragraph 36 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit that Jason Hess is a Correctional Lieutenant.  Defendants admit that Defendant Hess was a member of the classification committee for three of Plaintiff's administrative segregation review classification hearings (two in 2019, one in 2020).  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Paragraph 37 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Defendant Thornton was a member of the classification committee for three of Plaintiff's administrative segregation review classification hearings in 2018.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Paragraph 38 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Defendant Cahalin was a member of the classification committee for three of Plaintiff's administrative segregation review classification hearings (one in 2015, two in 2018), and that he was a Correctional Lieutenant

at the time of those hearings. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants deny that the Missouri Department of Corrections receives Medicaid program funding. Defendants admit that the Missouri Department of Corrections receives other federal funds. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

## "IV. FACTS"

40. Defendants admit that Plaintiff is black, and admit that, while incarcerated in the Missouri Department of Corrections, Plaintiff identified as transgender. Plaintiff is a natal male.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore deny the same.

42. Paragraph 42 of Plaintiff's Complaint contains a legal conclusion or argument that Defendants are not required to admit or deny. Defendants admit that Plaintiff is HIV positive, but are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was

11

diagnosed with HIV in 2008 and therefore deny the same. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Paragraph 43 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore deny the same.

44. Defendants admit that Plaintiff was convicted of recklessly risking infection of another with HIV and second degree assault on a law enforcement officer. Defendants deny that Plaintiff was an adolescent at the time of the assault. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore deny the same.

45. Defendants admit that Plaintiff, who was initially ordered to participate in the 120 day institutional treatment program as part of her sentence, successfully completed that program and was released on probation in 2012. Defendants admit the allegations contained in the second sentence of Paragraph 45 of Plaintiff's Complaint.

46. Defendants admit that throughout Plaintiff's incarceration in the

12

Missouri Department of Corrections Plaintiff received treatment for HIV including antiretroviral medication. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore deny the same.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants admit that Plaintiff was on mandated single cell assignment for over six years. Defendants deny the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in the second sentence of Paragraph 49 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore deny the same.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Paragraph 52 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants

admit that in May 2015 Defendant Cassady approved Plaintiff's continued assignment to administrative segregation. Defendants deny the remaining the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegation that Plaintiff was incapable of transmitting HIV and deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Paragraph 54 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Paragraph 55 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants admit that Paragraph 56 of Plaintiff's Complaint quotes language from a portion of a sentence in the definition section of the Missouri Department of Corrections Policy IS21-1.2. Defendants deny the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Paragraph 57 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations

14

contained in Paragraph 57 of Plaintiff's Complaint.

58.    Paragraph 58 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    Paragraph 59 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    Defendants admit that the Missouri Department of Corrections referred Plaintiff for prosecution. Defendants deny the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    Defendants admit that in October 2016 the county prosecuting attorney's office dismissed the pending criminal charges against Plaintiff for recklessly infecting another with HIV. Defendants deny the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint. Further answering, Defendants affirmatively state that Plaintiff was released to general population on August 13, 2021.

63.    Defendants deny the allegation that Plaintiff displayed no violent conduct while placed on mandated single cell assignment. Defendants are

15

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore deny the same.

### "Ms. Roe's HIV treatment and viral suppression."

64. Defendants admit that throughout her incarceration in the Missouri Department of Corrections the Department's contracted health care providers provided treatment, including medication, to Plaintiff for her HIV. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint and therefore deny the same.

65. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore deny the same.

66. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore deny the same.

**"Defendants' discriminatory and unconstitutional decisions and policies subjected Ms. Roe to inhumane conditions in solitary confinement causing her physical and mental harm."**

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Paragraph 68 of Plaintiff's Complaint contains legal conclusions

16

and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff could feel the metal bunk underneath her and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Offenders in administrative segregation were issued a blanket. Defendants deny that Plaintiff was exposed to "extreme cold," and deny the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendants admit that footnote 2 to Paragraph 73 of Plaintiff's Complaint accurately quotes the definition of Secure Social Rehabilitation Unit (SSRU) on the Missouri Department of Corrections' website when accessed on July 11, 2023 and September 9, 2023. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint and therefore deny the same.

17

74.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint and therefore deny the same.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of Plaintiff's Complaint and therefore deny the same.

77.     Defendants admit that offenders assigned to administrative segregation were shackled when outside of their cells.  Defendants admit that offenders in general population are not shackled at all times when outside of their cells.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of Plaintiff's Complaint and therefore deny the same.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

**"Defendants were deliberately indifferent to the torture that Ms. Roe**

18

**was subjected to and the actual severe harm she experienced."**

81.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Paragraph 82 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

84.     Defendants deny the allegation that inhumane conditions existed in cells that were used for "solitary confinement" and deny the allegations contained in the second sentence of Paragraph 84 of Plaintiff's Complaint.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny the allegations contained in the first two sentences of Paragraph 85 of Plaintiff's Complaint.  The final sentence of Paragraph 85 assumes that the allegations contained in in the first two sentences of Paragraph 85 of Plaintiff's Complaint are true, which Defendants deny.

86.     Defendants admit that Plaintiff disclosed that she is transgender; Plaintiff was seen by JCCC's transgender committee.  Defendants deny the

19

remaining allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants admit that the opportunities listed in the first sentence of Paragraph 87 of Plaintiff's Complaint may be available to offenders in general population. Defendants deny that Plaintiff "was denied access to all these things" while placed on mandated single cell assignment.

88. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of Plaintiff's Complaint and therefore deny the same.

89. Defendants admit that Plaintiff worked as a porter prior to being placed in administrative segregation in 2015. Defendants deny that Plaintiff completed ICVC or anger management programs before Plaintiff was placed on mandated single cell assignment. Defendants admit that Plaintiff did not have a job while assigned to administrative segregation beginning in April 2015. Defendants deny the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint as to conditions to which Plaintiff was exposed. Defendants deny that offenders in general population or Plaintiff were exposed to "sensory overload torture" and deny the remaining allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants are without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations contained in Paragraph 91 of Plaintiff's Complaint and therefore deny the same.

92.     Defendants admit that on one occasion while in administrative segregation on mandated single cell assignment Plaintiff was seen taking steps to hang herself.  Defendants admit that Plaintiff's actions on that occasion were documented.  Defendants deny the remaining allegations contained in the first sentence of Paragraph 92 of Plaintiff's Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 92 of Plaintiff's Complaint and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants admit that in 2016 Plaintiff was seen taking steps to hang herself.  Defendants deny the remaining allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

**"Defendants were deliberately indifferent to Ms. Roe's suicidal ideation and multiple attempts to complete suicide."**

96.     Defendants deny the allegations contained in Paragraph 96 of

Plaintiff's Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint and therefore deny the same.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

**"Defendants violated Ms. Roe's right to due process by denying her meaningful review of her classification to solitary confinement."**

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Paragraph 105 of Plaintiff's Complaint contains legal conclusions

and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Paragraph 109 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff was not seeking sexual partners or acting to engage in sexual activity of any kind with others and therefore deny the same. Defendants are without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of Plaintiff's Complaint and therefore deny the same.

113. Defendants deny that a classification committee decided to keep her on mandated single-cell assignment. Defendants deny the remaining allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendant admits that the content inside the box in Paragraph 115 of Plaintiff's Complaint accurately reflects the content of a portion of a classification hearing form for one of Plaintiff's classification hearings. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 115 of Plaintiff's Complaint and therefore deny the same.

116. Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint. Further answering, Defendants incorporate by reference their answers to Paragraphs 31 and 34 through 38 of Plaintiff's Complaint as if set forth herein.

118. Paragraph 118 of Plaintiff's Complaint contains legal conclusions

and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 118 of Plaintiff's Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Paragraph 122 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. Paragraph 124 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 124 of Plaintiff's Complaint.

125. Defendants admit that Plaintiff filed two IRRs while on mandated single-cell assignment in administrative segregation. Defendants deny the

remaining allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.   Paragraph 126 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.   Paragraph 127 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.   Defendants admit that the warden could approve continued assignment to administrative segregation for periods of twelve months or less. Defendants deny the remaining allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.   Paragraph 129 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 129 of Plaintiff's Complaint.

### CLAIMS FOR RELIEF

### "COUNT I—CRUEL AND UNUSUAL PUNISHMENT
### (Eighth Amendment Claim for Damages and Declaratory Relief under 42 U.S.C. §1983) (*All Defendants*)"

130.   As to Paragraph 130 of Plaintiff's Complaint, Defendants admit

and deny Paragraphs 1 through 129 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

131.    Paragraph 131 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    Paragraph 132 of Plaintiff's Complaint consists of an argument to which Defendants are not required to respond, or a characterization that Defendants deny.

133.    Paragraph 133 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.    Paragraph 134 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    Paragraph 135 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 135 of Plaintiff's Complaint.

27

136. Paragraph 136 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 136 of Plaintiff's Complaint.

137. Paragraph 137 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 137 of Plaintiff's Complaint.

138. Paragraph 138 of Plaintiff's Complaint is in the nature of a prayer for relief and contains a legal conclusion or argument to which Defendants are not required to respond. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 138 of Plaintiff's Complaint.

### "COUNT II—DUE PROCESS
**(Fourteenth Amendment Claim for Damages and Declaratory Relief under 42 U.S.C. §1983) (*Against Defendants Anne Precythe in her official capacity; Doris Falkenrath in her official capacity; and Jay Cassady, Justin Krantz, Noel Obi, Jason Hess, Stanley Keely, Elizabeth Thornton, and Michael Cahalin in their individual capacities, only.)*"**

139. As to Paragraph 139 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 138 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

140. Paragraph 140 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. The

Fourteenth Amendment speaks for itself and Defendants deny all allegations not in accordance with the Fourteenth Amendment. To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 140 of Plaintiff's Complaint.

141. Paragraph 141 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 141 of Plaintiff's Complaint.

142. Paragraph 142 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 142 of Plaintiff's Complaint.

143. Paragraph 143 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 143 of Plaintiff's Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145. Paragraph 145 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations

contained in Paragraph 145 of Plaintiff's Complaint.

146. Paragraph 146 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 146 of Plaintiff's Complaint.

147. Paragraph 147 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 147 of Plaintiff's Complaint.

148. Paragraph 148 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 148 of Plaintiff's Complaint.

149. Paragraph 149 of Plaintiff's Complaint is in the nature of a prayer for relief and contains legal conclusions or arguments to which Defendants are not required to respond. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 149 of Plaintiff's Complaint.

**"COUNT III—VIOLATION OF THE EQUAL PROTECTION CLAUSE (Fourteenth Amendment Claim for Damages, Declaratory and Injunctive Relief under 42 U.S.C. §1983) (*Against Defendants Anne Precythe and Doris Falkenrath in their official capacities and Alan Earls and Stanley Keely in their individual capacities, only.*)"**

150. As to Paragraph 150 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 149 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

151. Paragraph 151 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 151 of Plaintiff's Complaint.

152. Paragraph 152 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 152 of Plaintiff's Complaint.

153. Paragraph 153 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 153 of Plaintiff's Complaint.

154. Paragraph 154 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. Defendants admit the allegations contained in the second sentence of Paragraph 154 on information and belief. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 154 of Plaintiff's Complaint and therefore deny the

31

same.

155.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 155 of Plaintiff's Complaint and therefore deny the same.

156.    Paragraph 156 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 156 of Plaintiff's Complaint and therefore deny the same.

157.    Paragraph 157 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.    Paragraph 158 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.    Paragraph 159 of Plaintiff's Complaint consists of Plaintiff's characterization of her Complaint, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 159 of Plaintiff's Complaint.

**"COUNT IV—AMERICAN (sic) WITH DISABILITIES ACT ("ADA")**
**(ADA Claim for Damages, Declaratory and Injunctive Relief under 42**
**U.S.C. §12101 et seq.)**
**(*Against Defendants Anne Precythe and Doris Falkenrath in their*
*official capacities, only*)**

160.  As to Paragraph 160 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 159 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

161.  Defendants admit that Paragraph 161 of Plaintiff's Complaint quotes a portion of 42 U.S.C. §12101.  The statute speaks for itself.  To the extent a further response is required, Defendants deny the remaining allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.  Paragraph 162 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.  Paragraph 163 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  Defendants admit that Plaintiff was HIV positive throughout her incarceration in the Missouri Department of Corrections' correctional facilities.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.  Paragraph 164 of Plaintiff's Complaint consists of legal

33

conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 164 of Plaintiff's Complaint.

165. Paragraph 165 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 165 of Plaintiff's Complaint.

166. Paragraph 166 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 166 of Plaintiff's Complaint.

167. Paragraph 167 of Plaintiff's Complaint consists of legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. Paragraph 168 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 168 of Plaintiff's Complaint.

**"COUNT V—REHABILITATION ACT OF 1973**
**(Rehabilitation Act Claim for Damages, Declaratory and Injunctive**
**Relief under 29 U.S.C. §794)**

*(Against Defendants Anne Precythe and Doris Falkenrath in their official capacities, only)*

169.  As to Paragraph 169 of Plaintiff's Complaint, Defendants admit and deny Paragraphs 1 through 168 of Plaintiff's Complaint in accordance with Defendants' answers as if set forth herein.

170.  Defendants admit that the Missouri Department of Corrections receives some federal funds.  Defendants deny the remaining allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.  Paragraph 171 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.  Paragraph 172 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.  Paragraph 173 of Plaintiff's Complaint contains legal conclusions and arguments that Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.  Paragraph 174 of Plaintiff's Complaint contains legal conclusions

and arguments that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.  Defendants deny each and every allegation of Plaintiff's Complaint not herein admitted.

176.  Defendants deny that Plaintiff is entitled to any of the relief requested.

## Affirmative and other defenses

177.  Defendants Falkenrath, Dunbar, Kintner, Krantz, Obi, Hess, Thornton, and Cahalin are entitled to the protection of qualified immunity with respect to Plaintiff's Eighth Amendment claim in that they did not violate Plaintiff's Eighth Amendment rights because they neither recommended nor authorized Plaintiff's mandated single cell assignment.

178.  All Defendants are entitled to the protection of qualified immunity with respect to Plaintiff's Eighth Amendment claim in that they did not violate Plaintiff's Eighth Amendment rights because Plaintiff was not  placed on mandated single cell assignment as a form of punishment, and Plaintiff was provided with humane conditions of confinement including adequate food, clothing, shelter, and medical and mental health care.

179.  Defendants are entitled to the protection of qualified immunity with respect to Plaintiff's Eighth Amendment claim because they did not

violate Plaintiff's Eighth Amendment rights in that they did not subjectively act with indifference to Plaintiff's health or safety.

180. To the extent that Plaintiff seeks damages from Defendants Falkenrath or Precythe in their official capacities under the Eighth Amendment, those claims are barred by the Eleventh Amendment.

181. To the extent that Plaintiff seeks damages from Defendants Falkenrath or Precythe in their official capacities under the Eighth Amendment, those claims are barred by the state's general sovereign immunity.

182. Defendants Cassady, Krantz, Obi, Hess, Keely, Thornton, and Cahalin are entitled to the protection of qualified immunity with respect to Plaintiff's due process claims (Count II) because they did not violate Plaintiff's constitutional rights in that Plaintiff received periodic, meaningful reviews of her assignment to administrative segregation.

183. Defendants Cassady, Krantz, Obi, Hess, Keely, Thornton, and Cahalin are entitled to the protection of qualified immunity with respect to Plaintiff's due process claims (Count II) because they did not violate Plaintiff's constitutional rights in that it is not clearly established that Plaintiff's conditions of confinement, including adequate food, clothing, shelter, and medical and mental health care, during her approximately six year mandated single cell assignment posed an atypical and significant hardship.

37

184. Defendants Krantz, Obi, Hess, Thornton, and Cahalin are entitled to the protection of qualified immunity with respect to Plaintiff's due process claims (Count II) because they did not violate Plaintiff's constitutional rights in that they did not recommend or approve Plaintiff's initial or continued mandated single cell assignment, and lacked authority to approve Plaintiff's removal from mandated single cell assignment.

185. Defendants Earls and Keely are entitled to the protection of qualified immunity with respect to Plaintiff's equal protection claims (Count III) because they did not violate Plaintiff's constitutional rights in that Plaintiff is not similarly situated in all respects to HIV positive offenders who refrain from engaging in sexual activity with their cellmates.

186. Defendants Earls and Keely are entitled to the protection of qualified immunity with respect to Plaintiff's equal protection claims (Count III) because they did not violate Plaintiff's constitutional rights in that Plaintiff's mandated single cell assignment was rationally related to the legitimate penological interest in the preservation of the health of other offenders. Plaintiff, who knew that she was HIV positive, had sex with her cellmate. Plaintiff's cellmate, who had tested negative for HIV prior to being celled with Plaintiff, tested positive after having sex with Plaintiff.

187. Plaintiff's claims for declaratory and injunctive relief, including her claims for declaratory and injunctive relief under the Americans with

Disabilities Act and the Rehabilitation Act, as well as such claims under Counts I through III, are moot because Plaintiff was released on parole in 2022.

188. Plaintiff's claims for money damages are barred by the applicable statute of limitation, Mo. Rev. Stat. §516.145, because Plaintiff is an "offender" as defined in Mo. Rev. Stat. §217.010(12) in that he is a "person under supervision" because he is on parole, Mo. Rev. Stat. §516.145 imposes a one year statute of limitation for "all actions brought by an offender, as defined in section 217.010, against the department of corrections… or any employee or former employee," and Plaintiff was released from administrative segregation and mandated single cell assignment in 2021, more than one year before the June 27, 2023, filing date of this lawsuit.

189. Plaintiff's claims for money damages are barred by the applicable statute of limitation, Mo. Rev. Stat. §516.145, because Plaintiff is an "offender" as defined in Mo. Rev. Stat. §217.010(12) in that he is a "person under supervision" because he is on parole, Mo. Rev. Stat. §516.145 imposes a one year statute of limitation for "all actions brought by an offender, as defined in section 217.010, against the department of corrections… or any employee or former employee," and Plaintiff was released on parole in March 2022, more than one year before the June 27, 2023, filing date of this lawsuit.

190. To the extent that the five year statute of limitation in Mo. Rev. Stat. §516.120 that has been applied to Section 1983 claims generally applies

39

to Plaintiff's claims, Plaintiff's claims against Defendant Cassady are barred by the applicable statute of limitation, Mo. Rev. Stat. §516.120 because Defendant Cassady last worked at JCCC in 2016 and had no responsibility for Plaintiff's classification, cell assignment, care, or conditions of confinement at JCCC, after 2016.

191.   To the extent that the five year statute of limitation in Mo. Rev. Stat. §516.120 that has been applied to Section 1983 claims generally applies to Plaintiff's claims, Plaintiff's claims against Defendant Earls are barred by the applicable statute of limitation, Mo. Rev. Stat. §516.120 because Defendant Earls retired on March 1, 2018, and had no role or involvement in Plaintiff's mandated single cell assignment or continued assignment to administrative segregation after March 1, 2018.

192.   Defendants did not violate title II of the Americans with Disabilities Act because Plaintiff was not placed on or continued on mandated single cell assignment solely due to her HIV status.

193.   Defendants did not violate the Rehabilitation Act because Plaintiff was not placed on or continued on mandated single cell assignment or assigned to administrative segregation because of Plaintiff's HIV status.

194.   Plaintiff, who is no longer incarcerated, cannot establish the existence of irreparable harm in the absence of injunctive relief.

195.   Defendants demand a jury trial on all issues triable by a jury.

## Prayer for Relief

196. For the reasons stated hereinabove, Defendants respectfully request that the Court enter judgment in their favor, award them their costs and expenses, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Emily A. Dodge*
Emily A. Dodge
Mo. Bar No. 53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102-0899
Phone: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
ATTORNEY FOR DEFENDANTS

41

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of September, 2023, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system.

<u>/s/ *Emily A. Dodge*</u>
Emily A. Dodge
Assistant Attorney General