IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANE ROE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-04129-BCW ) |
| ANNE PRECYTHE, et al. | ) ) |
| Defendants. | ) ) ) |

## MOTION TO STAY AND SUGGESTIONS IN SUPPORT

COME NOW Defendants, by and through the undersigned counsel, and move this Court to stay proceedings, including holding in abeyance all deadlines contained in the scheduling order. In support of this motion, Defendants state:

1. On September 12, 2024, counsel of record for Plaintiff Jane Roe notified Defendants of Plaintiff's passing.

2. Defendants filed suggestions of Plaintiff's death on September 27, 2024. *See* Doc. 94; *see also Higgins v. Deep Discounts LLC*, 4:18-CV-00084-PLC, 2018 WL 10498313, at *2 (E.D. Mo. Aug. 17, 2018) Wright & Miller, 7C Fed. Prac. & Proc. § 1955 (3d ed. 2018) ("It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated by the rule.").

1

3. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157-CV-S-GAF, 2014 WL 12754994, at *4 (W.D. Mo. Apr. 10, 2014) ("[I]t is within a court's inherent power to manage its docket and discovery matters."). A court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy. *See Gould*, 326 F.R.D. at 531 (citation omitted). "The party requesting a stay bears the burden of establishing the need for a stay." *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 957 (D. Minn. 2018).

4. A stay is warranted because of Plaintiff's death. As it stands, Defendants cannot litigate this case without a Plaintiff. Judicial economy also weighs in favor of a stay, as it is proper to stay proceedings until the substitution of a proper party pursuant to Rule 25.

WHEREFORE, the Defendants respectfully request the Court to issue an Order staying proceedings, including holding in abeyance all deadlines in the scheduling order, and for such other relief as deemed just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Adam J. Merello*
Adam J. Merello Bar # 72420
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816) 889-5008
Adam.Merello@ago.mo.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on October 2, 2024, with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

*/s/ Adam J. Merello*