IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LATASHA MONROE ) <br> in her capacity as personal representative ) <br> for the Estate of Honesty Jade Bishop, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TREVOR FOLEY et. al., ) <br> ) <br> Defendants. ) | Case No. 2:23-CV-04129-BCW |

## ORDER

Before the Court is Defendants' partial motion to dismiss. (Doc. #69). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

The instant action was brought by Plaintiff asserting multiple violations against Defendants, relating to Plaintiff's incarceration. (Doc. #66). Plaintiff was a black transgender woman living with HIV who alleged that while she was incarcerated at a Missouri Department of Corrections ("MODOC") facility, she was confined to solitary confinement for over six years.[1] Id. Plaintiff alleged that she was housed in horrible conditions without meaningful review of her status throughout that time.

Plaintiff brings the following counts against Defendants: count 1, cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution, under 42 U.S.C. § 1983; counts 2 and 3, failure of due process in violation of the Fourteenth Amendment of the

---

[1] On September 27, 2024, Defendants filed a Suggestion of Death with the Court, stating that Defendants had been notified by Plaintiff's counsel that on August 13, 2024, Plaintiff passed away. (Doc. #94). On February 26, 2025, Latasha Marquitta Monroe, in her capacity as personal representative for the Estate of Honesty Jade Bishop was substituted as Plaintiff for Honesty Jade Bishop, formerly known as Jane Roe. (Docs. #106 & #110).

1

U.S. Constitution, under § 1983; count 4, violation of the Equal Protection Clause of the Fourteenth Amendment; count 5, violation of the American with Disabilities Act ("ADA"); and count 6, violation of the Rehabilitation Act of 1973. (Doc. #66). For each count, Plaintiff seeks both monetary damages and injunctive relief.

On July 15, 2024, Defendants filed the instant motion to partially dismiss Plaintiff's amended complaint. (Doc. #69). Specifically, Defendants seek an order dismissing all Plaintiff's claims for injunctive relief because such claims are moot.

## LEGAL STANDARD

A complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted if it fails to plead sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations and citation omitted).

## ANALYSIS

Defendants filed the instant motion before the death of Plaintiff. At the time, Defendants argued that Plaintiff's claims for injunctive relief were moot because Plaintiff was no longer incarcerated as she was released on parole. (Doc. #70). Plaintiff argued that her injunctive relief claims were not moot because Plaintiff was vulnerable to a substantial threat of being reincarcerated, thus could sustain future injury and treatment similar to her last incarceration. (Doc.

#78).

"Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution. Neighborhood Transp. Network v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994) (internal emphasis omitted). When a case or claim no longer presents an actual or ongoing controversy, that matter is considered moot, and the federal court no longer has jurisdiction to hear it. Id. This rule also applies to claims for injunctive relief." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993).

Here, Plaintiff seeks, among other things, injunctive relief as follows: (1) declaring that Defendants' policies, practices, and conduct described Plaintiff's Amended Complaint violates the United States Constitution and other federal laws; (2) permanently enjoining enforcement by Defendants of MODOC Policy IS21-1.2 with respect to people living with HIV in MODOC custody; and (3) ordering Defendants to (a) expunge Plaintiff's prison records, including the removal of any reference to a violation of MODOC Policy IS21-1.2, and (b) ensure that if Plaintiff is again in MODOC custody she would not face a heightened security classification. (Doc. #66).

Plaintiff was released on parole in 2022. Id. Plaintiff did not initiate this action until June 27, 2023. (Doc. #1). Because Plaintiff is no longer confined at MODOC, injunctive relief seeking to improve prison conditions at MODOC is moot. Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998). Likewise, Plaintiff cannot bring claims on behalf of other prisoners. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Consequently, Plaintiff's first two injunctive claims are moot because Plaintiff is no longer incarcerated. Additionally, Plaintiff's first two injunctive demands are also moot due to Plaintiff's death as Plaintiff can no longer be incarcerated in the future.

As to the third injunctive relief demand to expunge Plaintiff's prisoner record and ensure she does not receive heightened security treatment if she returns to MODOC, this is also dismissed.

First, expungement of a federal conviction is limited to circumstances where federal statute authorizes expungement. United States v. Meyer, 439 F.3d 855, 859 (8th Cir. 2006). Federal courts may not expunge a conviction solely on equitable grounds (i.e. fairness). Id. Here, Plaintiff does not even clarify whether her conviction was federal, such that this Court would have jurisdiction to order said relief. Additionally, Plaintiff did not seek expungement under any valid statutory authority, only on equitable grounds. Therefore, Plaintiff's expungement claim is dismissed.

Lastly, Plaintiff's demand to ensure that she does not receive heighten treatment if she returns to MODOC is moot because of Plaintiff's death. Plaintiff's argument that she is vulnerable to a substantial threat of being reincarcerated is now impossible. Even if Plaintiff did not pass away, the argument that returns from parole statistically accounts for 46% of incarcerations in MODOC is unpersuasive. That would not put Plaintiff at a higher risk of being reincarcerated, only her actions would. However, because of Plaintiff's death, the Court does not have to analyze this argument further. Defendant's partial motion to dismiss is granted and the instant case will proceed only on Plaintiff's claims for damages. Accordingly, it is hereby

ORDERED Defendants' partial motion to dismiss (Doc. #69) is GRANTED. Plaintiff's claims for injunctive relief are dismissed.

IT IS SO ORDERED.

DATE: March 3, 2025          /s/ Brian C. Wimes
                                      JUDGE BRIAN C. WIMES
                                      UNITED STATES DISTRICT COURT